Ivan Warner, J.
This special proceeding, heard before this court without a jury on April 29, 1970, was instituted by the judgment creditor, Security National Bank (hereafter, “Bank”), against Associated Hospital Service of New York (hereafter “ AHS ”) in an attempt to recover on an unrelated judgment which the Bank heretofore obtained against one of AHS’ subscribers, judgment debtor Stephen Mairano.
The proof adduced at the hearing revealed that on July 14, 1969, Mr. Mairano’s wife, Gloria, was admitted to Smith town General Hospital as a result of a domestic accident. The diagnosis was “ first and second degree burns of lower legs.” She remained in the hospital until August 30, 1969, and the total charges for her hospitalization amounted to well over $1,304.77, the amount for which the bank, by this proceeding, seeks a turnover to it by AHS.
Commencing December 11, 1956, Mr. Mairano ¡held a family contract with AHS through the employees’ group contract of Newsday, Inc., his employer. At the time of his wife’s admission to the hospital, he informed the hospital of his AHS coverage. In due course, the hospital, in accordance with its own contract with AHS for participating hospital membership, submitted its form to AHS informing it of the details of Mrs. *732 Mairano’s admission and her claim of AHS coverage. AHS thereupon assigned a case number to the admission.
On July 24, 1969, 10 days after his wife’s admission, Mr. Mairano went to the office of the Bank’s attorney to discuss his indebtedness to the Bank which was occasioned by its financing his purchase of an automobile. He mentioned that his wife was then in the hospital. While still in the attorney’s office, he was served with a summons because his account was in arrears. On August 19, 1969, the Bank entered a judgment against Stephen Mairano in the sum of $1,304.77 in Nassau County Clerk’s office.
The parties have stipulated that Mairano and his family, including his wife, Gloria, were covered as subscribers under the above-mentioned group policy, on July 14, 1969, the date of her admission to Smithtown General Hospital, through August 30, 1969, the date of her discharge and that the treatment she received there was covered under the policy. Pursuant to a restraining notice served upon AHS by the Bank on August 26,1969, AHS has not paid the moneys due to Smithtown General Hospital but is holding same pending further order and judgment of this court.
The issues here presented are whether AHS is indebted to the judgment debtor, Mairano, rather than Smithtown General Hospital, and, if indebted to Mairano, whether such indebtedness is exempt from execution pursuant to subdivision 2 of section 166 of the Insurance Law.
AHS is a nonprofit “hospital service corporation,” organized under article IX-C of the New York Insurance Law for the purpose of furnishing hospital service. Such hospital service is defined under section 250 of the Insurance Law as follows : ‘‘ Hospital service shall consist of in-patient hospital care and out-patient hospital care ”.
Article XV-A of the Newsday group contract with AHS provides as follows: “AHS shall, subject to the terms and conditions hereof, compensate Member Hospitals for Hospital Service rendered by them to Subscribers by payments in such amounts and upon such basis as shall be determined from time to time by the Board of 'Directors of AHS, subject to approval as to adequacy by the Commissioner of Social Welfare of the State of New York and as to reasonableness by the Superintendent of Insurance of the State of New York.” This identical clause is contained in article XII-A of AHS’ agreement with Smith-town General Hospital. It was stipulated and agreed that the Smithtown General Hospital is a member hospital.
Subdivision 2 of section 254 of the Insurance Law requires that all rates of payment made by such corporations as AHS to *733 member hospitals shall be approved as to adequacy by the Commissioner of Health. It is clear that in applying for membership in AHS, Smithtown General Hospital agreed to accept compensation for services only from AHS in such amounts and upon such bases as .shall be determined from time to time by AHS’ board of directors and subject to the necessary approval by the Commissioner of Health and Superintendent of Insurance of the State of New York. Article XIV-A of the Newsday group contract with AHS succinctly states that hospital service benefits are personal to the subscriber, and are not assignable. Inasmuch as such hospital service benefits are not assignable, neither can .they be a “ cause of action ” or “ property ” against which a money judgment may be enforced (CPLB. 5201, subds. [a] and [b]).
Finally ‘ ‘ a money judgment can only be enforced against a property right to the extent that the judgment debtor can assign or transfer it ” (Hickey Co. v. Port of New York Auth., 23 A D 2d 739. See, also, CPLR 5201, subd. [b].) Further, this may only be done if the debt is not ‘ ‘ exempt from application to the satisfaction of the judgment ” (CPLB 5201, subds. [a] and [b]). Subdivision 2 of section 166 of the Insurance Law provides this exemption. It should also be noted, in conclusion, that the debt “ is subject to levy only where it ‘ is * * * to become due, certainly or upon demand ’ [of the judgment debtor] ” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLB 5201, Practice Commentary by Siegel, 3d par.). Hospital coverage, as contracted for herein, is eliminated from levy because at the most it was contingent and not certain to become due to Mr. Mairano. The contingency here is accident or illness.
AHS made its group policy available to the employees of Newsday, of which Mairano was one. AHS obligated itself merely to provide Mairano with hospital service benefits, nothing more. When AHS contracted with Smithtown .General Hospital, it agreed to co-operate directly with the hospital for hospital benefits rendered its subscribers. Petitioner herein, the judgment creditor, stands in the shoes of Mairano as to any rights Mairano has against AHS. The only right that Mairano had against AHS was the right to hospital benefits. The right to payment for such benefits ran directly to the ¡hospital from AHS, subject to approval as to adequacy by the Commissioner of Health and subject ,to the approval of the Superintendent of Insurance as to reasonableness. Mairano is a third-party beneficiary to the contract between AHS and Newsday only to the extent that he receive hospital benefits.
*734 In the instant case, AHS owes no debt to the subscriber, and the contract contains no provision for indemnification of the subscriber nor any obligation on the part of AHS to defend him in any suit brought by the hospital.
Seider v. Roth (17 N Y 2d 111) and Matter of Riggle (11 N Y 2d 73) upon which petitioner relies, do not apply. Article IX-A of the group contract clearly provides that where AHS provides hospital service for a person after the contract holder, the employer here, informs AHS that such person is a subscriber (Mairano here) and thereafter such person is found not to be a subscriber, the contract holder is required to reimburse AHS for the amount of the hospital’s charges for the hospital services' rendered. Subdivision B of this article also speaks of amounts of money paid by AHS to the hospital pursuant to article XV of the contract.
Upon careful examination of all of the evidence it is abundantly clear to this court that AHS owes no debt to the subscriber, Mairano, which is transferable to the petitioner herein. AHS is obligated by contract and by statute (Insurance Law, § 254, subds. 1 and 2) to make payment directly to the member hospital herein. Petition is accordingly dismissed.